# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

KAREEM DAMOE LEE,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C08-4022-LRR
No. CR04-4105-LRR

ORDER

---

This matter appears before the court on Kareem Damoe Lee's motion to proceed in forma pauperis (docket no. 2), motion to expand the record (docket no. 15) and motion to amend (docket nos. 20 & 21). Kareem Damoe Lee ("the movant") filed his motion to proceed in forma pauperis on March 10, 2008, motion to expand the record on December 8, 2008 and his motion to amend on August 19, 2010 and December 9, 2010.

With respect to the movant's motion to proceed in forma pauperis, there is no fee associated with filing a motion under 28 U.S.C. § 2255. Accordingly, the movant's motion to proceed in forma pauperis (docket no. 2) is denied. Regarding the movant's motion to expand the record, the court deems it appropriate to consider all of the documents, including but not limited to the document attached to the government's resistance (docket no. 12) and the documents attached to the movant's reply (docket no. 16) and supplement (docket no. 19), that are part of the record. Accordingly, the movant's motion to expand the record (docket no. 15) is granted. Concerning the movant's motion to amend, the movant's additional sentencing arguments are untimely, and they do not sufficiently relate back to his original claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. §

2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). Moreover, the Eighth Circuit Court of Appeals already addressed on direct appeal the court's decision to employ the 100:1 ratio between cocaine base and powder cocaine when determining drug quantity, *see United States v. Lee*, 178 Fed. App'x 603, 605 (8th Cir. 2006), and a sentence within statutory limits is generally not subject to review under the Eighth Amendment, *see United States v. Murphy*, 899 F.2d 714, 719 (8th Cir. 1990). Accordingly, the movant's motion to amend (docket nos. 20 & 21) is denied.

**IT IS SO ORDERED**.

**DATED** this 21st day of January, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA